**SABRINA P. SHROFF**  
ATTORNEY AT LAW

80 BROAD STREET, 19TH FLOOR  
NEW YORK, NEW YORK 10004  
TEL: (646) 763-1490

March 14, 2023

Hon. P. Kevin Castel  
United States District Judge  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, New York 10007

Re: <u>United States v. Juan Orlando Hernandez, 15 Cr. 379 (PKC)</u>
   (Objection to the government's request to delay its CIPA 4 filing & production of classified material)

Dear Judge Castel,

I write to explain to the Court's Mr. Orlando Hernandez's objection to the government's request to delay by 60 days the Court's CIPA 4 deadline and production of classified material.

First, the government has had ample time and opportunity to meet the deadline set by the Court. The government has been aware of its obligations under Rule 16 and are known to understand that none of those obligations are circumscribed by CIPA. That discoverable information may be classified does not relieve the government of its obligation to disclose the material to the defendant. See *United States v. Poindexter*, 725 F. Supp. 13, 32 (D.D.C. 1989) ("[T]he protection of the rights of the defendant is paramount under the statutory scheme."). And, as Department of Justice's own policy acknowledges because the government's discovery obligations often implicate classified information in possession of the broader United States Intelligence Community ("IC"), prosecutors are directed to conduct a prudential search for such information that is relevant and helpful to the defense. See U.S. Dep't of Just., Just. Manual § 2052 (2020), available at https://www.justice.gov/archives/jm/criminalresource-manual-2052-contacts-intelligence-community-regarding-crim

CIPA confirms that Mr. Orlando Hernandez is entitled to four basic categories of discoverable material from the government: Rule 16 material, exculpatory material under *Brady v. Maryland* and its progeny and, of equal importance, impeachment material under *Giglio v. United States*, and prior statements of witnesses that are relevant to the subject matter of his or her testimony, pursuant to the Jencks Act, 18 U.S.C. § 3500.

Given the nature of the charges and the defendant himself, surely the government has known for some time that discovery would implicate the equities of multiple IC agencies and that it is obliged to search IC files for discoverable material. A prosecution of this nature is presumed to implicate the IC, and where the IC has participated in a criminal investigation /prosecution, its files are subject to the same search as would those of an investigative law enforcement agency assigned to the case. U.S. Dep't of Just., Just. Manual § 2052(B)(1) (2020), available at https://www.justice.gov/archives/jm/criminal-resource-manual-2052-contacts-intelligencecommunity-regarding-criminal-investigations.

The government knows that its search "must extend to sources that are readily available to the government and that, because of the known facts and nature of the case, should be searched as a

Honorable P. Kevin Castel                                                       March 14, 2023
Judge, Southern District of New York                                Page 2

Re: United States v. Juan Orlando Hernandez, 15 Cr. 379 (PKC)

function of fairness to the defendant." Id. § 2052(B)(2), and given the passage of time, without a showing of good cause, this Court should deny its request for additional time. That brings us to good cause.

As to good cause – the government has filed its letter request *ex parte* and *under seal* – without filing a motion that makes the requisite showing to proceed in such a manner. At the least, this Court should reject the presumptive *ex parte* nature of the filing. We ask the Court to order the government to file a motion as to why its letter need be ex parte. Additionally, we respectfully request the Court undertake an *in camera* and disclose to the defense those portions it deems proper. Otherwise, the defendant will know nothing about the basis of the government's request, will not be able to challenge it, and will be deprived of taking an informed position before the Court. [1]

We thank the Court for its time and consideration of our position.

 Respectfully submitted,

 /s/Sabrina P. Shroff
 Raymond Colon
 Counsel for Juan Orlando Hernandez Alvarado


 cc: CISO Mulberry & Hartenstine

---

[1] Before objecting to the requested delay, defense counsel asked the government to inform us as to what we could expect as a production and the reasons for the requested delays. No details were provided to us; the government simply filed its letter and noted our objection.