**SABRINA P. SHROFF**
ATTORNEY AT LAW

80 BROAD STREET, 19TH FLOOR
NEW YORK, NEW YORK 10004
TEL: (646) 763-1490

October 2, 2023

Hon. P. Kevin Caste
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> For the avoidance of doubt, this application was implicitly denied in the Court's Order of October 3, 2023. The Clerk shall terminate ECF DE 621.
> SO ORDERED.
> Dated: 10/19/2023
>
> /s/ P. Kevin Castel
> P. Kevin Castel
> United States District Judge

Re: <u>United States v. Juan Orlando Hernandez Alvarado</u>, S 7 15 Cr. 379 (PKC)
(Docket Entry # 620)

Dear Judge Castel,

By docket entry # 620, the trial prosecutors object to walled counsel/prosecutors being appointed, but (i) give no reason why walled counsel should not be appointed; and (ii) provide no reason as to why it failed to respond to a motion (#559) filed by non-cleared counsel on May 29, 2023 – 4 months ago. (I mistakenly noted it as being filed in 2019.)

First, it is well within the Court's discretion to allow the defendant to submit his supplemental CIPA section 5 notice to prosecutors who are not part of the trial team. This is especially so when the trial date is 4 months away, the government has not answered a motion to compel non-classified discovery, and that response could change the contours of the defendant's supplemental CIPA section 5 notice. The government's non-classified production (which could only result after it has responded to the defendant's filing (#559), defendant's non-cleared counsel has answered, and the Court has ruled on the motion), may well cause the defendant to withdraw or amend his CIPA section 5 supplemental notice. Here, unlike the case of *United States v. Schulte*, 17 Cr. 548 (PAC), trial is not imminent, and the government will have ample opportunity to have its trial team litigate any CIPA section 6 issues.

Second, there is no case law that suggests that this Court must follow what another district court did in a wholly different and readily distinguishable case. According to the prosecutors, *Schulte* involved the theft of an unprecedented volume of classified material, the like of which were never seen before and not at issue here. *See* https://www.nytimes.com/2022/07/13/nyregion/cia-engineer-joshua-schulte-theft-convicted.html.

Third, the relief sought is temporally limited – until the government answers defendant's motion to compel and that motion is decided by the Court. The prejudice to the government pales in comparison to the prejudice that would befall Mr. Hernandez absent the requested relief.

For the following reasons, Mr. Hernandez requests: i) the Court hold in abeyance its ruling of September 28, 2023, until such time as the government has answered the defendant's motion to compel (#559), so that he may amend or withdraw his supplemental CIPA section 5 notice.

Respectfully submitted,

/s/Sabrina P. Shroff
Counsel of Juan Orlando Hernandez