UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

                                              15-cr-379 (PKC)

        -against-

                                                   __ORDER__

JUAN ORLANDO HERNANDEZ,

                         Defendant.
------------------------------------------------------------x

CASTEL, U.S.D.J.

        Defendant Juan Orlando Hernandez is charged with participating in a conspiracy from 2004 to 2022 to facilitate the importation of cocaine into the United States.  Hernandez was extradited to the United States from Honduras, the country he served as President.

        Hernandez is represented by retained counsel who does not have clearance to review Classified Information ("Lead Counsel").  He also has additional counsel who is cleared to review such information ("Cleared Counsel").  There have been disclosures of Classified Information by the government to Cleared Counsel.  Cleared Counsel is not permitted to discuss or share Classified Information with Lead Counsel but is free to seek from the government Rule 16, Brady and Giglio material on behalf of the defendant and argue, among other things, for the defendant's use of specific information in declassified, substituted, or redacted form.

        On or about Friday, October 27, 2023 Lead Counsel filed with the Court a discovery dispute letter (the "October 27 Letter"), cataloging areas of discovery that he sought.  Thereafter, the government represented to the Court that the October 27 Letter contained Classified Information that should not be on the public docket.  (Email of October 27, 2023 at 10:20 a.m.).  On Saturday, October 28, the Court directed the Clerk of Court to remove the letter

from the public docket, and she has complied.

The Court has received no further explanation of the government's position. Based upon the Court's review, the October 27 Letter refers to Hernandez's own actions as President of Honduras, some of which includes his interactions with agencies and personnel of the United States government.  His Lead Counsel appears to have framed discovery requests based upon those actions and interactions.  Lead Counsel is aware from public filings that some of the discovery produced to Hernandez through his Cleared Counsel is Classified Information. But, on the face of the October 27 Letter, the Court is unable to discern information that was not known to him prior to the time that he was charged in this case or information that must have originated with Classified Information.

The government should unambiguously state whether it takes the position that the defendant's own recollections of his own actions as an officer of a foreign country, including any interactions with agencies or personnel of the United States, is Classified Information and set forth the statutory or case law support for its position.  The logical extension of such a claim would be that Hernandez may not tell his own Lead Counsel—or otherwise use in his own defense—information that he believes is exculpatory and is known to him as a foreign national wholly apart from the pendency of the charges against him by the United States.

The Court will require the government to state precisely what it claims is Classified Information in the October 27, 2023 Letter and the basis for the claim.  While a fulsome response to the discovery dispute Letter might have required the government to make reference in a classified submission to its prior classified submissions, the Court has not discerned the impropriety in Lead Counsel's submission.

The government shall respond to the foregoing by November 9, 2023.

2

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated:  New York, New York
        November 6, 2023