

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 22, 2023

**BY ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

  Re: <u>United States v. Juan Orlando Hernandez</u>, S7 15 Cr. 379 (PKC)

Dear Judge Castel:

  The Government respectfully writes in response to the letter filed by defendant Juan Orlando Hernandez ("Juan Orlando") on November 21, 2023 (Dkt. 633, the "November 21 Letter") and the Court's November 21, 2023 Order (Dkt. 634, the "November 21 Order"). The November 21 Order resolved Juan Orlando's request in the November 21 Letter to adjourn the deadline for cleared counsel's response to the Government's motion pursuant to Section 6(a) of the Classified Information Procedures Act ("CIPA"), adjourning the deadline by one week, to December 4, 2023, with the consent of the Government. (*See* November 21 Order). The Court maintained the previously scheduled date of November 30, 2023 for a classified Section 6(a) hearing. (*Id.*). For the reasons set forth below, the Government (i) does not object to cleared counsel meeting in a sensitive compartmentalized information facility ("SCIF") with Juan Orlando, subject to the requirements specified below; and (ii) respectfully requests, with the consent of cleared defense counsel, that, subject to the Court's availability, and in light of the one-week adjournment of the deadline for the defense's response to the Government's Section 6(a) motion, the Court grant a corresponding approximately one-week adjournment of the Section 6(a) classified hearing, presently scheduled for November 30, 2023. The Government and cleared defense counsel have conferred and are available for a classified Section 6(a) hearing on December 8 or 11, 2023, should the Court grant this request and subject to its availability.

  *First*, the Government does not object to cleared counsel's request to meet with Juan Orlando in a SCIF, subject to the parameters outlined below, and is working with the United States Marshals Service ("USMS") and the Classified Information Security Officer ("CISO") to facilitate that meeting next week, *i.e.*, the week of November 27, 2023. During such a meeting, Juan Orlando may discuss with cleared counsel information that may be known to Juan Orlando through his prior experiences and interactions but that, as described in the Government's November 8, 2023 classified letter and CIPA Section 6(a) motion, nonetheless remains classified and subject to CIPA to the extent Juan Orlando wishes to testify about that information at trial or otherwise cause

it to be disclosed in this proceeding. However, Juan Orlando does not have a security clearance and is not authorized to review any classified material, including classified discovery provided by the Government or otherwise contained in the Government's classified filings. The protective order governing classified discovery expressly prohibits cleared counsel from disclosing, or confirming or denying the existence of, any such classified information to Juan Orlando. (*See* Dkt. 544 ¶ 6). Accordingly, to the extent Juan Orlando is produced to a SCIF to discuss "the specifics of his testimony" with cleared counsel, cleared counsel may not disclose to Juan Orlando any classified material, or confirm or deny for Juan Orlando that any of what he may know, through his personal experience, overlaps with material that has been identified as classified and provided to cleared counsel, whether in classified discovery or filings.[1]

*Second*, in light of the one-week adjournment of the defense's deadline for responding to the Government's Section 6(a) motion, the Government respectfully requests, with the consent of cleared defense counsel, that the Court grant a corresponding approximately one-week adjournment of the classified CIPA Section 6(a) hearing from November 30 to December 8 or 11, 2023, so that the hearing takes place after cleared counsel has filed Juan Orlando's response to the Government's Section 6(a) motion. At the CIPA Section 6(a) stage, a court must "make all determinations concerning the use, relevance or admissibility of classified information that would otherwise be made during the trial or pretrial proceedings" and pursuant to the standards of the Federal Rules of Evidence, with the defendant bearing the burden of establishing that the evidence is relevant, material, and otherwise admissible. *See United States v. Miller*, 874 F.2d 1255, 1276-77 (9th Cir. 1989); *see also United States v. Cardoen*, 898 F. Supp. 1563, 1571 (S.D. Fla. 1995); *see also United States v. Wilson*, 586 F. Supp. 1011, 1013 (S.D.N.Y. 1983). Because it is Juan Orlando's burden under CIPA Section 6(a) to show that any classified information reflected in his September 22, 2023 Section 5 notice (the "Section 5 Notice") is relevant, material, and admissible, the Government respectfully submits that cleared counsel should first, before the Court holds a classified Section 6(a) hearing, set forth in writing the evidentiary bases for admitting at trial any classified information reflected in the Section 5 Notice. While the Government remains available for a classified hearing on November 30, 2023, should the Court wish to maintain that date, the Government respectfully submits that this proposed sequencing—which will ensure that Juan Orlando's response to the Government's Section 6(a) motion is filed before a classified hearing— would be most productive and efficient for purposes of identifying the disputed evidentiary issues for the Section 6(a) hearing and, potentially, help to obviate the need for additional hearings and/or filings that might result if the defense does not submit its response until following a hearing.

Finally, the Government notes that the relevant stakeholder(s) have nearly completed their classification review of the letter filed on the public docket by counsel for Juan Orlando on October 28, 2023 (the "October 28 Letter"), which was subsequently removed from the docket, and the Government expects to provide a redacted, unclassified version of the October 28 Letter to the

---

[1] The two cases cited in the November 21 Letter for the proposition that defendants can be produced to a SCIF to review classified material—*United States v. Schulte*, 17 Cr. 478 (PAC), and *United States v. Abdullah*, 20 Cr. 677 (AT)—involved defendants who previously had been authorized to review with cleared counsel certain classified material provided by the Government. Here, Juan Orlando has not been authorized to review any classified material, and those two cases accordingly do not support adopting a different approach than that proposed herein.

Court and counsel during the week of November 27, 2023. A classification review of the Government's Section 6(a) motion is also being undertaken by the relevant stakeholder(s). The Government will file a redacted, unclassified version of its Section 6(a) motion on the public docket, as soon as the relevant stakeholder(s) have completed that review as well.[2]

                                              Respectfully submitted,

                                              DAMIAN WILLIAMS
                                              United States Attorney for the
                                              Southern District of New York

                           By:           /s/
                                              Jacob H. Gutwillig / David J. Robles
                                              Elinor L. Tarlow / Kyle A. Wirshba
                                              Assistant United States Attorneys
                                              (212) 637-2215 / 2550 / 1036 / 2493

cc: Defense Counsel (by ECF)

---

[2] Cleared counsel misstates the Government's position in the November 21 Letter, which is not that "any description of arguments made in the government's CIPA section 6a filing is presumptively classified and may not be publicly noted until the equity holder has cleared the information." (November 21 Letter at 1). As the Government advised cleared counsel prior to her filing the November 21 Letter through the CISOs, the Government is not an original classification authority and, accordingly, does not render classification determinations. Only the original classification authorit(ies) can conclusively determine what information is and is not classified, and at what classification. Accordingly, the Government advised cleared counsel that any description of the content of its CIPA Section 6(a) motion, which is undergoing classification review by the relevant original classification authorit(ies), should be redacted on the public docket until the classification review is complete, at which point any information that is not in fact classified can be publicly docketed. *See, e.g.*, *Dep't of Navy v. Egan*, 484 U.S. 518, 529 (1988) ("[T]he protection of classified information must be committed to the broad discretion of the agency responsible [for that information], and thus must include broad discretion to determine who may have access to it."); *United States v. Schulte*, 17 Cr. 548 (JMF), Dkt. 622 at 1 (S.D.N.Y. Dec. 3, 2021) ("[T]he Court concludes that there is neither authority nor basis to second guess the Executive Branch's classification determinations.").