**SABRINA P. SHROFF**  
ATTORNEY AT LAW

80 BROAD STREET, 19TH FLOOR  
NEW YORK, NEW YORK 10007  
TELEPHONE: (646) 763-1490

November 29, 2023

Hon. P. Kevin Castel  
United States District Judge  
Southern District of New York  
500 Pearl Street  
New York, New York, 10007

Re:   **United States v. Juan Orlando Hernandez Alvarado**, 15 Cr. 379 (PKC)

Dear Judge Castel:

I write in response to the government's filing of November 22, 2023, to respectfully request a Classified Information Protections Act ("CIPA") section 6 briefing schedule that allows me to meaningfully confer with Mr. Hernandez in a SCIF prior to submitting a substantive response to the government's CIPA § 6a filing, as well as other relief. To be meaningful, the government should either agree to allowing Mr. Hernandez access to the classified fillings or first produce to Mr. Hernandez a substituted/redacted version that captures the disclosure in its classified filings *before* defense counsel and Mr. Hernandez confer.

As required by CIPA, Mr. Hernandez provided section 5 notice. Through his section 5 notice, Mr. Hernandez informed the government of the anticipated scope of his testimony, should he take the stand at trial. Also included in Mr. Hernandez's section 5 notice was the classified information he would seek to elicit at trial through cross examination of government witnesses. After the government filed its section 6 responses, the defense noted Mr. Hernandez's need to access classified information and confer with cleared counsel.

In response, the government agreed to produce Mr. Hernandez in a SCIF so he could speak with cleared counsel but takes the position that the government's "November 8, 2023 filing and its CIPA section 6a filing may not be discussed with Mr. Hernandez." *See* Govt. 11/22/23 Letter at 1.

The government has taken the same position as to the information in the defense's filing of October 28, 2023, which is a reply to the government's response to Mr. Hernandez's motion to compel discovery, filed as Docket Entry # 584. The October 28, 2023 filing by Mr. Hernandez's non-cleared counsel was subsequently removed from the public docket, as the government alleged it contained classified information. Defense counsel sought, but has not yet received from the equity holders, an unclassified version of that filing. Nor has it received a filing with substitutions/redactions that captures the information in the classified filing.

The equity holders may legitimately need time, but it remains the case that they have not yet been able to provide a version of the October 28 letter with substitutions/redactions.[1] The same

---

[1] The government was provided a copy of this letter before it was provided to the court via e-mail to ensure that the government had no issues with the public filing of the letter. The government has since asked us to redact the italicized portion in footnote 2. The government also informed us that its classification review of the October 28, 2023, letter is complete and will be provided to

Hon. P. Kevin Castel,  Page 2
United States District Judge, Southern District of New York  November 29, 2023

hold true of the government's section 6 classified filings in this case, no substituted/redacted version has been provided to us.

While we appreciate the government's agreement to produce Mr. Hernandez in the SCIF, the constraints on the meeting make it essentially meaningless.

In this regard, the government has instructed that

> cleared counsel may speak to her client but may not disclose to Juan Orlando any classified material or confirm or deny for Juan Orlando that any of what he may know, through his personal experience, overlaps with material that has been identified as classified and provided to clear counsel, whether in classified discovery or filings.

Govt. 11/22/23 Letter at 1. Such a directive is nearly impossible to comply with; is fraught with problems; and would readily result in a spill. It is ill-advised and unfair to put defense counsel in this position. More importantly, such a procedure deprives Mr. Hernandez access to the information he needs to prepare for trial. Just as importantly, it does not protect spill of classified information as Mr. Hernandez is left unguided as to what he can and can not discuss with his uncleared counsel.

The only proper way to proceed would be to have the government produce to Mr. Hernandez a substituted/redacted version of its classified filings, such that the substitute/redacted version captures the classified information at issue in the government's section 6(a) and other filings while protecting the equity holder's interest.[2] Only then can Mr. Hernandez be said to have the "same ability to make his defense as would disclosure of the specified classified information" which is required by statute. 18 U.S.C., APP III section 6(c).

So that the defense may fully raise these issues with the Court, we ask the Court to maintain December 11, 2023, for a classified hearing, or hold a classified hearing at an earlier date so that the court may consider and resolve these issues. At the least, Mr. Hernandez's response should be due *after* the equity holders have provided to Mr. Hernandez classified versions of the filings at issue, with limited substitutions and/or added redactions as the need may be, so he may review those filings and discuss them with his counsel.

For these reasons, the Court should grant the relief sought and allow the defense to file its response to the government's section 6 notice a week after the government provides to the defense a further redacted/substituted version of its classified filings. Proceeding in this manner will allow for the government to protect the equity holder(s), while still giving Mr. Hernandez due process.

---

the Court and the parties shortly. While defense counsel was waiting for confirmation from the government, it filed with the Court the unclassified version of the October 28, 2023 letter.

[2] Access to classified material is proper even when a defendant is charged with wanting to conduct a 9/11 style attack. *See United States v. Abdullah*, 22 Cr. 677 (AT) (government allowed defendant charged with wanting to conduct a 9/11 style attack to have access to classified material ██████████████████████████████).

Hon. P. Kevin Castel,   Page 2
United States District Judge, Southern District of New York   November 29, 2023

Respectfully submitted,

/s/ Sabrina Shroff
Counsel to Juan Orlando Hernandez

cc: CISO Hartenstine & Mullery (via email)