UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                                                15-cr-379 (PKC)

        -against-

                                                                                                 ORDER

JUAN ORLANDO HERNANDEZ, et al.

                       Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        In this criminal prosecution of Juan Orlando Hernandez, the former president of Honduras, for, among other things, drug trafficking, the procedures under the Classified Information Procedures Act ("CIPA"), 18 U.S.C. app. 3, have been invoked and employed.[1] Defendant's cleared counsel has participated in the CIPA process. Separately, non-cleared counsel for Hernandez raised certain discovery issues in a letter docketed and subsequently removed at the insistence of the government because it purportedly disclosed classified information. The government has subsequently declassified the letter in substantial part. A fulsome response by the government to non-cleared counsel's claims that the government failed to make proper production of documents would entail disclosure of the content of classified information[2] and cannot be made directly to non-cleared counsel.

---

[1] This Court's previous Order of November 6, 2023 (ECF 629) is integral to an understanding of the Court's instant Order.

[2] "Classified information" is defined in CIPA § 1 in pertinent part as "any information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security. . . ." 18 U.S.C. app. 3 § 1(a). "National security" is defined as "the national defense and foreign relations of the United States." Id. § 1(b).

1

But the government has never demonstrated to the satisfaction of the undersigned that information known to the defendant as a Honduran elected official before his indictment and extradition to the United States is "classified information" within the meaning of section 1 of CIPA simply because an employee of an agency of the United States also knew that information and wrote about it in material properly marked classified.  The observations and recollections of an employee of the United States are, indeed, classified, and the defendant cannot compel testimony concerning the employee's observations and recollections except in compliance with CIPA.  The same principles have not been shown to apply to the defendant's own independent recollections.

The following example illustrates the point.  Suppose an elected official of a foreign nation delivers a nationally-televised speech, and suppose further that an employee of an agency of the United States prepares a summary and analysis of the speech, including his mental impressions and observations concerning the speaker and the speech, and that summary and analysis is marked classified by an appropriate classification authority.  It follows that no one may reveal the contents of that classified summary and analysis to any person who does not have the requisite clearance and need to know.  In the face of the assertion of the common-law privilege attaching to state secrets,[3] a defendant could not call a witness to testify as to the content of that summary and analysis without complying fully with CIPA procedures.  But there is no authority for the proposition that the elected official's speech became classified because it is described in a classified summary and analysis.  The same principle applies to a meeting between the foreign elected official and one or more third parties, even if the third parties include an employee of an agency of the United States.  If the employee of an agency of the United

---

[3] United States v. Aref, 533 F.3d 72, 78-79 (2d Cir. 2008).

States thereafter writes a summary and analysis of the meeting that is properly classified, that summary and analysis remains classified, as does any recounting by the employee or by recipients of the information based upon a recollection of its contents or of the meeting. But no principle of law cited to this Court would make that defendant's own recollection of the meeting classified. Insofar as the government has shown, the defendant has never acquired a duty of loyalty or confidentiality to the United States.

There is, of course, a large chasm between the defendant's recollections and what he may testify to in open court in the face of a hearsay objection or an objection that the probative value is slight and substantially outweighed by one of the enumerated factors in Rule 403, Fed. R. Evid. There are areas such as statements of then-existing mental, emotional, or physical condition, Rule 803(3), Fed. R. Evid., or verbal acts, see United States v. Vargas, 279 F. App'x 56, 61 n.3 (2d Cir. 2008) (quoting United States v. DiMaria, 727 F.2d 265, 270 n.4 (2d Cir.1984)), that could survive a timely hearsay or Rule 403 objection.

The present issue relates solely to the attorney-client relationship and the trial preparation of the defense team. It is whether, as part of trial preparation, defendant may discuss with both his cleared and non-cleared counsel his own independent recollections of meetings and encounters with employees or officials of the United States or its agencies. The government has suggested that cleared counsel could meet with the defendant in a Sensitive Compartmentalized Information Facility ("SCIF") with a cleared Spanish language interpreter. As the Court understands the government's position, the reason for this restriction does not relate to anything cleared counsel might say to her client; she remains absolutely prohibited from disclosing the content of any classified information to any non-cleared person, including the defendant. Rather, the government adheres to the view that what defendant saw, heard, and/or knows that was later

3

summarized or analyzed by an employee of the United States or its agencies, and the summary and analysis was marked classified, may not be recounted by the defendant to his own lawyers whether or not the defendant knows of the existence or content of the classified summary and analysis. The government offers its consent for defendant to have discussions of his own recollections with his cleared counsel in a SCIF utilizing a cleared interpreter. It suffices to note that there are practical impediments to implementing the government's offer.

The government's support for its remarkable claim comes principally from cases in which a person working on behalf of the United States had clearance to know certain classified information and, after-the-fact and without ongoing clearance, wants to re-access classified material that he may previously have been able to lawfully access but may no longer access. See, e.g., United States v. Wilson, 586 F. Supp. 1011 (S.D.N.Y. 1983); United States v. Schulte, S2 17 Cr. 548 (PAC). The government also relies upon United States v Noriega, 117 F.3d 1206 (11th Cir. 1997), that has certain facts parallel to this case, but the government cites to nothing in the record of that case to show that defendant Noriega challenged the procedure and a court ruled on the challenge.

The classified information in this case has been determined by the appropriate authority within the government to require protection for reasons of national security. 18 U.S.C. app.3 § 1. There is no indication that an appropriate authority has determined that defendant's recollections of meetings with government officials require protection for reasons of national security, and nothing in this Order precludes an appropriate authority from making that determination now, subject to the right of the defendant to challenge such classification.

The defendant may meet with his cleared and non-cleared counsel and discuss his own recollection of events, including meetings with individuals employed by the United States or one of its agencies, and need not do so in a SCIF or with a cleared interpreter.

The Court will stay its Order until December 21, 2023 to enable the government to decide whether it wishes to pursue an appeal or writ of mandamus. If it advises the Court that it intends to pursue an appeal or writ, the Court, upon the government's application, will consider extending the stay.

The trial of this action remains scheduled for February 5, 2024 at 10 a.m. and the Court does not anticipate changing that schedule.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       December 15, 2023