# Inner City Press

January 24, 2024

By ECF

Hon. P. Kevin Castel, United States District Judge
Southern District of New York, 500 Pearl Street, New York, NY 10007

Re: Press application to intervene / to unseal Defendant's financial affidavit in US v. Juan Orlando Hernandez, 15-cr-379-10 (PKC)

Dear Judge Castel:

   Inner City Press has been covering the above captioned criminal case (including that of co-defendant Bonilla Valladares, see below) and yesterday was present when the Court made appointment of CJA counsel for the defendant conditional on his financial affidavit showing he is eligible for and entitled to CJA counsel.

   The CJA23 affidavit - of exactly the kind Inner City Press sought and obtained unsealing last year for Bonilla Valladares - is now listed but still not available in the docket, No. 670.

   Juan Orlando Hernandez was the president of Honduras and is charged with a role in trafficking substantial volumes of cocaine, including into the US. There is public interest in knowing how he argued to be found eligible for US taxpayer funded counsel. Accordingly, for Inner City Press and as a journalist, this is a timely request to unseal the CJA affidavit in whole or substantial part.

   Such unsealing has been granted following Inner City Press requests in, inter alia, US v. Avenatti, 19-cr-374 (JMF), Dkt 85, see https://storage.courtlistener.com/recap/gov.uscourts.nysd.516151/gov.uscourts.nysd.516151.85.0.pdf  See also, US v. Cruciani, 21-cr-636 (JPC), Dkt No. 40 (Inner City Press request) and 41 (ruling to unseal).

  In terms of this same overall case, and to prevent unwarranted disparities in transparency, consider co-defendant Juan Carlos Bonilla Valladares. Magistrate Judge Katharine H. Parker in response to a similar Inner City Press request, unsealed information in 20-mj-4462, Docket Number 7 (May 12, 2022) docketed that "Matthew Russell Lee, a reporter for Inner City Press, filed a letter intervening on behalf of the public and requesting that the Financial Affidavit be unsealed"

Inner City Press: In-house SDNY: Room 480, 500 Pearl Street, NY NY 10007
E-mail: Matthew.Lee@innercitypress.com - Tel: 718-716-3540
Regular Mail: Dag Hammarskjold Center, Box 20047, New York, NY 10017

"FN: As a public journalist, Lee has standing to intervene in this matter and assert the public's First Amendment right to access judicial documents. Id. at 44, n.2; see also United States v. Aref, 533 F.3d 72, 81 (2d Cir. 2008) (holding that a motion to intervene to assert the public's First Amendment right of access to criminal proceedings is proper). Lee argued that the First Amendment to the United States Constitution guarantees the public a right to access judicial documents such as the Financial Affidavit, and that unsealing the Financial Affidavit is consistent with precedent in this Circuit. On May 12, 2022, I ordered the Defendant and the Government to file any responses to Lee's request by May 20, 2022. Neither party filed a response. For the reasons that follow, I find that the Financial Affidavit should be unsealed.

DISCUSSION The First Amendment provides the public with a qualified right to access a wide variety of judicial documents filed in connection with criminal proceedings. United States v. Avenatti, 550 F. Supp. 3d 36, 44 (S.D.N.Y. 2021) (collecting cases).1 That right applies to financial affidavits such as the one at issue. Id. at 46 (finding that there is a "qualified First Amendment right of access to [a] Financial Affidavit[]"submitted to assist the court in determining whether a defendant is eligible for court-appointed counsel); see also United States v. Suarez, 880 F.2d 626, 629 (2d Cir. 1989) (finding that there is a First Amendment right to access "CJA forms on which judicial officers have approved payments to attorneys"). Where, as here, the "First Amendment framework applies, continued sealing of the document[] may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). As there are no "on-the-record findings that sealing is necessary," and insofar as no objections to unsealing have been made, continued sealing of the Financial Affidavit is not appropriate. Id.; see also Avenatti, 550 F. Supp. 3d at 46 (granting request to unseal defendant's financial affidavit).

CONCLUSION For the reasons set forth above, Lee's request to unseal the Financial Affidavit (ECF No. 6) is GRANTED. The clerk of the court is directed to unseal the document at issue (ECF No. 4)."

The same should happen here on Juan Orlando Hernandez, forthwith.

The First Amendment to the U.S. Constitution guarantees to the public a right of access to court proceedings. U.S. CONST. AMEND. I; *Globe Newspaper Co. v.*

*Superior Court, 457 U.S. 596, 603* (1982). The public's right of access is strongest when it comes to criminal proceedings such as these, which are matters of the "high[est] concern and importance to the people." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 575 (1980) (plurality opinion).

This is a Press request for unsealed consistent with *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and other applicable case law.

If deemed necessary, PLEASE TAKE NOTICE that Inner City Press and its undersigned reporter, in personal capacity, will move this Court before Honorable P. Kevin Castel, U.S. District Judge for the Southern District of New York, at a date and time directed by the Court, for an order granting the right to formally object to sealing in this case, specifically of the CJA23 affidavit of defendant Juan Orlando Hernandez.

While appreciating the Court's efforts yesterday, after lengthy sidebars, to provide some summary, this is also a request that the transcript of the sidebar(s) be put into the docket, with as few redactions (for medical information, and perhaps about the Bonilla "folders" referred to) as possible, as fast as possible. This Court has previously docketed and ruled on similar applications, see, e.g., US v. Rodriguez, et al., 19-cr-536 (PKC) Dkt 438 (June 13, 2023, modified June 16, 2023, partially docketing and ruling on Inner City Press' letter submitted June 7, 2023).

Non-parties such as Inner City Press and myself have standing to intervene in criminal proceedings to assert the public's right of access. *United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008).

If deemed necessary, this now is a request to intervene, see United States v. All Funds on Deposit at Wells Fargo Bank, 643 F. Supp. 2d 577, 580 (S.D.N.Y. 2009)

If any further information is needed, please contact the undersigned at matthew.lee@innercitypress.com or 718-716-3540.

Respectfully submitted,

Matthew Russell Lee, Inner City Press

cc: All counsel by ECF