Renato C. Stabile
Attorney at Law
580 Broadway, Suite 400
New York, NY  10012
212-219-1469 (o)
212-219-1897 (fax)
917-204-0181 (mobile)
renato.c.stabile@gmail.com

February 7, 2024

**VIA ECF**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Juan Orlando Hernandez, et al*, 15 Cr. 379 (PKC)

Dear Judge Castel:

    I write to advise the Court that, despite my diligent efforts, the defendant Juan Orlando Hernandez, still does not have a laptop on which to review the discovery in this case and requests additional time to review discovery material once he is provided with a laptop at the MDC. The Government also continues to produce both Rule 16 discovery and 3500 material, with Rule 16 productions on 1/19/24, 1/27/24, and 2/6/24 and 3500 productions on 1/28/24 and 2/1/24.

    On January 18, 2024 at the final pre-trial conference in this matter (before I was assigned to this case), the defendant told the Court that he had been requesting a laptop "for one year." On January 23, 2024, the day I was appointed, the Court issued an Order for the defendant to receive a laptop, so that the defendant had "meaningful access to review discovery and other case materials while detained at the Metropolitan Detention Center, Brooklyn ("MDC")." I apologize for the long narrative of what happened next.

    Following the events of January 24, 2024, which I explained in my January 26, 2024 letter to the Court, on January 26, I worked through CJA office to identify an "air gapped" laptop model suitable for delivery to MDC. On January 26, I contacted the vendor (by both email and voicemail) provided to me. On January 27, I heard back from the vendor who informed me that there were no suitable laptops available, so I would have to buy one on Amazon. A link to a laptop on Amazon was provided to me and that same day I bought a laptop from Amazon, using the exact link that was provided to me by the CJA vendor. As per the vendor's instructions, I had

the laptop shipped directly to the vendor. The fastest delivery offered on Amazon for that laptop was for January 30 and it was delivered to the vendor on that day.[1]

On January 30, the vendor informed me that he did not have any 2 TB hard drives on hand to upgrade the laptop's hard drive and would have to go out the next day (January 31) to purchase one. I did not hear back from the vendor about whether or not the laptop had been shipped to the Government, so I followed up on February 2. The vendor informed me that the laptop he received was not the laptop model they typically worked with, that it was "not [my] fault," that the link he sent was for the proper model, but that the machine was slightly different and needed "more work," and that he contacted Amazon to report the discrepancy. He advised me that the laptop would be shipped to the Government on February 3 and that I would receive a shipping receipt.

On February 4, I emailed the vendor to confirm that the laptop had been shipped. The vendor responded on February 5 that the laptop was "done" and would be shipped for overnight delivery to the Government. At the vendor's request, I provided a cover letter to the Government to be sent with the laptop (I provided the cover letter on February 2). I spoke with the Government the evening of February 6 and the Government had still not received the laptop. Although I had previously advised the vendor that the matter was urgent, I emailed the vendor the evening of February 6 to report that the Government had still not received the laptop and requested a tracking number. Today, February 7, the vendor advised that the Government should receive the laptop "this morning" and provided a FedEx tracking number. I do not know when the laptop will be delivered to the MDC or when the defendant will have access to it, but at this point, the defendant will not have the "meaningful access to review discovery and other case materials" at the MDC, contemplated by this Court's January 23 Order.[2]

For this reason and others I have previously brought to the Court's attention, I reiterate my request for a 90-180 day adjournment of the trial. At this point, two of the three defendants have pled guilty and will not proceed to trial. The trial will be shorter than originally scheduled and there are less attorney schedules to coordinate in picking an adjournment date. I have been overwhelmed trying to review the materials (and managing administrative matters like the laptop) necessary to assist Mr. Colon and to provide effective assistance to Mr. Hernandez and as I review more and more discovery, I am finding that the issues in this case are complicated, including some of the issues that are classified, and I simply need more time.

In the alternative, I request a one-week adjournment of the trial, which should still result in the case being finished within the time period set aside by the Court and the parties when there

---

[1] It was explained to me by the vendor that the procedure to be followed was that: (1) I would buy a laptop on Amazon and have it shipped to the vendor, (2) the vendor would make sure that the laptop complied with the best protection standards and install the eDiscovery software, and (3) the vendor would send the laptop directly to the U.S. Attorney's Office to load the case data. Pursuant to the Court's January 23 Order, the Government was then responsible for loading the laptop with non-sensitive discovery and delivering it to the MDC for the defendant's use.

[2] The above narrative is supported by an email chain, which I have not included.

were three codefendants and now there is only one. An effective alternative use of time would be to have the jurors arrive for jury selection on February 12 to fill out the proposed written juror questionnaires, which would then be scanned and distributed to the parties. The parties could then meet and confer about cause and hardship challenges to propose to the Court and have a hearing next week for the Court resolve any disputes about jurors who should be dismissed on the basis of their written answers. The Court could then have brief follow-up oral voir dire to clarify any issues, and the trial could commence on February 19, 2024. This jury selection procedure is consistent with how jury selection has been conducted in other high-profile cases, as detailed in my February 4, 2024 motion for a written jury questionnaire (Dkt. 688).

        I thank the Court for its continued consideration.

Respectfully submitted,

/s/

Renato C. Stabile

cc:    All counsel
       via ECF