UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                                                 15-cr-379 (PKC)

       -against-

                                                                                                  ORDER

JUAN ORLANDO HERNANDEZ,

                Defendant.
-------------------------------------------------------------x

CASTEL, U.S.D.J.

       The Court has received the application of the sole remaining defendant Juan Orlando Hernandez in which his counsel, Renato Stabile, sets forth the dates of recent productions by the government of what is represented to be both Rule 16 and 3500 material. He also describes the difficulty of obtaining and delivering to defendant an "air gapped" laptop to facilitate document review.[1] Defendant renews his request for a 90-180 day adjournment of the trial or, alternatively, a one-week adjournment of the trial. As described in full by Mr. Stabile, "[t]he Government also continues to produce both Rule 16 discovery and 3500 material, with Rule 16 productions on 1/19/24, 1/27/24, and 2/6/24 and 3500 productions on 1/28/24 and 2/1/24." (ECF at 691.)

       It is beyond serious dispute that section 3500 material need not be produced until after a witness completes his or her direct examination at trial. 18 U.S.C. § 3500(a) ("In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness

---

[1] On January 23, 2024, the Court was presented with a proposed Order directed to the MDC permitting defendant to have access to an "air gapped" laptop and entered the Order that same day. (ECF 668.) As the Court understands the term, an "air gapped" laptop is one incapable of communicating wirelessly.

1

(other than the defendant) shall be the subject of subp[o]ena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."); United States v. Marley, 2022 WL 1210844, at *7 (S.D.N.Y. April 25, 2022).  As is customary, the government usually produces 3500 material in advance of trial.  "[T]he purpose of § 3500 is to provide the defense with prior statements of the witnesses for the purpose of impeaching the latter's testimony . . . ." United States v. Carneglia, 403 F. App'x 581, 586 (2d Cir. 2010) (summary order).  For that reason, "the critical issue is whether the defendant's attorney had sufficient time to review the 3500 material, prior to examining the witness.  While a defendant may understandably have a desire to review the documents as well, the fact that *he* did not have sufficient time to do so does not, without more, undermine the purpose of § 3500."  Id.

In this case the Court inquired—at the time the trial was set for April 24, 2023—"[w]hen does the government propose to make its 3500 material available?"  (ECF 494, Nov. 15, 2022 Tr., at 18.)  The government responded that it would begin producing 3500 material on a rolling basis "in the next month or so," and would produce all of it "several months before trial." (Id.)  To which the Court responded that sounded "pretty unusual and good."  (Id.)  The government later said that it would have section 3500 material produced by March 24, i.e. a month before trial. (Id. at 19.)  The government qualified its response that "[o]f course, we will be continuing to create 3500, which we will produce as we create it.  There may be a handful of witnesses who present exceptional safety concerns who we might not produce until closer to trial, but the vast majority would be several months beforehand."  (Id. at 18-19.)  At a pretrial conference held on June 29, 2023 where the trial was adjourned to February 5, 2024, the government represented it would complete the production of section 3500 material sixty days

2

before the trial—December 7, 2023—or request authorization from the Court to delay disclosure of certain materials. (June 29, 2023 Tr., at 13, 18).

In a letter dated January 19, 2024 (ECF 664), the government represented that it began production of section 3500 material in early 2021 and 2022. On February 14, 2023, it made a substantial production of section 3500 material, including proffer notes, relating to 12 witnesses. (Id. at 2.) On December 7, 2023, the government produced 3500 section material relating to 36 individuals, including the 12 witnesses the government produced section 3500 material regarding on February 14, 2023 and witnesses who it did not intend to call at trial. (Id.) It represented that it made three productions of section 3500 materials on January 4, 13 and 18, 2024, and it intended to make a "small production" of section 3500 material to the defense on January 22, 2024, consistent with the Court's earlier order permitting delayed disclosure for witness safety reasons. (Id. at 3.)

The nature of government trial preparation is such that 3500 material is typically generated each time it has a conversation with a potential witness who will testify at trial and these conversations may continue into the trial. Further, the Court is aware of an additional production of 3500 material on February 7, 2024 of an individual that the Court previously delayed production because of safety concerns.[2]

The general characterization of certain of recently produced material of unspecified volume as Rule 16 material does not shed much light on the subject. The government has explained that it made two "small volume" Rule 16 productions on January 13 and 17, 2024 consisting of newly declassified portions of documents previously produced to

---

[2] The witness safety concerns, as demonstrated in the second paragraph on p.2 of the governments letter of February 7, 2024, are not vague or hypothetical and counsel against a further adjournment of the trial. The Court notes that there is no claim by the government that the specific concerns are attributable to the defendant.

cleared counsel and materials that recently came into its possession. (Letter of January 19, 2024; ECF 664, at 3 n.5.)

While furnishing the defendant with an "air gapped" laptop at the MDC is a useful accommodation, no explanation has been furnished why it is essential to his defense. At the January 23, 2024 hearing, the defendant acknowledged that he had been visited by his lead counsel's paralegal, Beatriz Campilla, "four times per week in the past three weeks" bringing with her section 3500 material for his review. Even without the requested laptop at the MDC, the defendant has been able to review 3500 material received through Ms. Campilla and his attorneys. Additionally, the defendant will be able to review 3500 material prior to the trial beginning on February 12, 2024 and during the course of the trial. See Carneglia, 403 F. App'x at 587 (a defendant's opportunity to review 3500 material during trial was "far in excess of what is contemplated by 18 U.S.C. § 3500(a)").

Separately, defendant requests that prospective jurors come to Court to complete a written jury questionnaire to be reviewed by counsel with live follow up voir dire at a later date. Questionnaires may be useful and appropriate in some trials but not this one. The Court does not anticipate great difficulty in selecting jurors for this case either on the basis of hardship or exposure to prejudicial publicity. In 2022 and before, there had been media coverage of defendant's tenure as head of state of Honduras and of his extradition to the U.S. after he left office, but in 2023 and 2024, the U.S.-based coverage in either national media or New York local media has been slight to modest but may increase in the days before trial. Inquiry will be made during voir dire to determine whether prospective jurors have any prior awareness of the charges and whether it will impair their ability to be fair and impartial. The trial is anticipated to last

4

two to three weeks and ought not present unusual hardship issues that cannot be readily addressed in live voir dire.

Based upon the Court's prior experience, including the trials of two alleged co-conspirators, the Court views the use of a written questionnaire as unnecessary and, based upon the review of the questions, poses the risk of planting unwarranted seeds of concern in jurors' minds. The Court intends to carefully review the proposed questionnaire and include in the voir dire its concepts where appropriate.

The application to adjourn the trial (ECF 691) and motion for a written juror questionnaire (ECF 688) are DENIED.  The Court will require the government to furnish a letter describing the productions referenced in the second sentence of Mr. Stabile's letter of February 7, 2024 by 2 p.m. on February 9, 2024 and, if appropriate, will issue a further Order.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
  February 8, 2024