

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 10, 2024

**BY ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

    Re:    <u>**United States v. Juan Orlando Hernandez**</u>**, S7 15 Cr. 379 (PKC)**

Dear Judge Castel:

    The Government respectfully writes in response to the Court's February 9, 2024 Order. (Dkt. 699).

    *First*, the Government anticipates that following jury selection, an interval of approximately two days will be required. Such a period would allow the completion of the process agreed-upon by the parties and ordered by the Court in its January 12, 2024 Order (*see* Dkt. 661, Jan. 12, 2024 Order (the "January 12 Order") at ¶ 1), and for cleared counsel to meet with the defendant in a Sensitive Compartmented Information Facility ("SCIF"). As contemplated by the parties' agreement, the Court will need to hold a hearing pursuant to CIPA Section 6(a), which can occur during that approximately two-day period. Following the CIPA Section 6(a) hearing, and the issuance of the Court's written Section 6(a) ruling, the Government proposes that the trial proceed to opening arguments and the presentation of evidence.

    As a further update to the Government's classified letter dated February 9, 2024, the Government has been advised that the review described in that submission is expected to be complete on or before Tuesday, February 13. Even before that review is complete, however, in an effort to expedite the process, the Government and counsel for the defendant—both cleared and non-cleared—are scheduled to meet-and-confer on Sunday, February 10, in a SCIF.[1] In addition, the Government understands from cleared counsel, Sabrina Shroff, Esq., that she is available on the morning of Tuesday, February 13, to meet in a SCIF with the defendant, and also is available to appear at a classified hearing that afternoon or the following day, Wednesday, February 14. Following any such classified hearing pursuant to CIPA Section 6(a), and the Court's issuance of a written Order setting forth its post-hearing rulings, the Government anticipates that opening

---

[1] Recognizing that the Court has scheduled a classified hearing for 8:30 a.m. Monday, February 12, 2024, the parties are also available for a teleconference with the Court on Sunday, February 11, 2024, if such conference would be useful to the Court.

arguments and the presentation of evidence would commence. In short, and based on the information currently available to the Government, the Government anticipates that it will require approximately two days in order to complete the review ordered by the January 12 Order, for cleared counsel to meet with the defendant in a SCIF, and for the Court to then hold a classified hearing, followed by the time required for the Court's issuance of a written ruling.

*Second*, as described further below, the procedures already agreed to by the parties and adopted by the Court in its January 12 Order, including the contemplated CIPA practice, will effectively communicate to the defendant and his non-cleared counsel relevant rulings under CIPA that bear upon the defendant's testimony. As described above, the defendant and his counsel will receive a version of the document they prepared that describes the defendant's possible testimony (the "Supplemental CIPA Section 5 Notice") that identifies what, if any, portions are classified. According to the parties' proposal adopted in the Court's January 12 Order, defense counsel will then be prohibited from discussing the classified portions of the Supplemental CIPA Section 5 Notice outside the SCIF, including at trial. To the extent the defendant wishes to utilize any such classified information at trial, cleared counsel will need to seek such use pursuant to CIPA. If the Court determines the information is admissible following a Section 6(a) hearing, the next step in the CIPA process is under Section 6(c), pursuant to which the Government will propose an unclassified substitution of any otherwise admissible, classified material. If the Court approves the proposed substitution under Section 6(c), non-cleared counsel will then receive that information in a form usable at trial (namely, the proposed substitution), including as part of the defendant's testimony.

To the extent that the Court has made, or will make, rulings with implications beyond the CIPA process during its classified hearings, the Government anticipates seeking unclassified orders memorializing such decisions. For example, when the Government receives the classified portions of the defendant's Supplemental CIPA Section 5 Notice, the Government will inquire of the defense, through reference to the Supplemental CIPA Section 5 Notice, whether the defense intends to present argument or evidence on any issues on which the Court may already have ruled in a classified proceeding. If so, the Government may seek an unclassified *in limine* ruling precluding the defense from, for example, discussing certain topics that the Court has already determined would be inadmissible pursuant to Federal Rule of Evidence 403. Based on prior classified hearings and rulings in this matter, the Government expects this request will include, at

a minimum, memorializing the Court's prior order excluding on Rule 403 grounds any reference at trial to the U.S. Government entit(ies) referenced in the Court's classified December 14, 2023 Order at 5-6 (citing defendant's September 22, 2023 Section 5(a) Notice ¶¶ 2, 12, 14).

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:    /s/  _____
Jacob H. Gutwillig / David J. Robles
Elinor L. Tarlow / Kyle A. Wirshba
Assistant United States Attorneys
(212) 637-2215 / 2550 / 1036 / 2493

cc: Defense Counsel (by ECF)