**SABRINA P. SHROFF**
ATTORNEY AT LAW

80 BROAD STREET, 19TH FLOOR
NEW YORK, NEW YORK 10004
TEL: (646) 763-1490

February 13, 2024

Hon. P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: <u>United States v. Juan Orlando Hernandez</u>, 15 Cr. 379 (PKC)
     (Supplemental CIPA § 5 notice to the prosecutors by the non-cleared attorneys)

Dear Judge Castel,

I write to the Court to apprise the Court of certain positons taken by the equity holders of the classified information in the case again Juan Orlando Hernandez. This letter deals only with the 5-page document filed by non-cleared counsel, Messrs. Stabile and Colon (the "Document").

The Document memorializes information non-cleared counsel derived from their conversations with Juan Orlando Hernandez. In turn, Mr. Hernandez, who is not a citizen of the United States, derived his information from sources that never once had him closely hold the information he received as a result of his position as the President of the Congress of Honduras, and then as the President of the Honduras. In sum, the information in the Document was freely shared with, and by, Mr. Juan Orlando Hernandez for years – both before he was detained, and then with anyone he chose to share it with at the Metropolitan Detention Center.

The government, having received this Document and after classification review, declined to grant cleared counsel a need to know / access to the Document.  Instead, the equity holders, the same equity holders who have yet to declassify documents from December of 2023 despite knowing of the February trial date, contend that cleared defense counsel should only be allowed to work with the Document in the presence of the CISO:

> We have consulted with the stakeholder(s) and the CISOs and have been advised that certain portions of the supplemental section 5 have been found to be classified at S//NF and marked as such.  Other information is at a higher level of classification that must be handled differently. Such material at a higher classification has been redacted in the version returned to you from the stakeholder(s).  Our understanding is that you may keep the redacted version in your SCIF, but that the CISO can make available to you the completely unredacted version of the supplemental section 5 notice in his presence because the defense SCIF is not cleared to store that information.  We understand that the CISOs will also make that unredacted copy available to you in Court on Wednesday at the classified hearing for the purposes of argument.
>
> We should also note that we understand that the computers in the defense SCIF are not graded for the higher level of classification required to document the information in the redacted portions of the supplemental section 5 notice.  To the extent you take handwritten notes about the redacted portions of the supplemental

Honorable P. Kevin Castel September 28, 2023
Judge, Southern District of New York Page 2

Re: United States v. Juan Orlando Hernandez, 15 Cr. 379 (PKC)

    section 5, those notes cannot be stored in the defense SCIF and must be provided to the CISOs so that they can return them to you when you next review the document or in Court.

Email from the government to defense counsel.

The Court should be aware of the following:

1. The information now marked at a higher level of classification is information that none of the equity holders or the government ever sought to protect and was not closely held – not ever – not even after he was arrested and detained at the MDC in April 2022.

2. The information, marked with a high level of classification, does not flow to Mr. Hernandez because the equity holder was not Mr. Hernandez's employer.

3. The information, marked with a high level of classification has been shared, outside a SCIF, with others, since Mr. Hernandez was detained in April of 2022. It is now that the government has classified it at a "high level".

4. The CISO expressed no positon on this matter and is fully able to provide to defense counsel a laptop that can be used to work with information with a higher classification level. These are the same CISOs who handled laptops for the alleged disclosure of the CIA's crown jewels – Vault 7 – and provided laptops for several of us to use in *United States v. Schulte*, 17 Cr. 548 (JMF); and

5. The government's admonition as to how my notes should be maintained comes one full day after I was provided un-cautioned access to the document.

For the following reasons, the government's position on the Document improperly infringes upon defendant's right to have his attorneys present a complete and adequate defense on his behalf, with no legitimate justification. Defense counsel should be able to use the Document without the restrictions the government seeks to impose upon that use.

I thank the Court for its time and attention to this letter.

Respectfully submitted,

/s/Sabrina P. Shroff
Counsel for Juan Orlando Hernandez