# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

JUAN ORLANDO HERNANDEZ,
a/k/a "JUAN ORLANDO,"

Defendant.

Filed with Classified
Information Security Officer
CISO
Date 12/14/23

15-cr-379 (PKC)

OPINION AND ORDER

CASTEL, U.S.D.J.

On December 11, 2023, an in camera hearing was held pursuant to CIPA § 6(a), which allows the Court, upon motion of the United States, to determine "the use, relevance, or admissibility of classified information that would otherwise be made during the trial or pretrial proceeding." 18 U.S.C. app. 3 § 6(a). The government was present, along with cleared counsel for defendant Juan Orlando Hernandez.

PROCEDURAL HISTORY

On September 22, 2023, cleared counsel for Mr. Hernandez made an ex parte filing that identified several areas of information he intended to disclose at trial (the "Section 5(a) Notice"). (ECF 615.) This Section 5(a) Notice was served on the government on October 5, 2023. On October 27, 2023, uncleared defense counsel filed a discovery dispute letter on ECF cataloging areas of discovery Mr. Hernandez was seeking; the government requested that the Court remove the letter from the public docket because, according to the government, it contained classified information. The Clerk of Court did so, and the Court then ordered the government to identify the information it claimed was classified and its basis for that claim.

1

(ECF 629.) The government responded by filing a classified letter to the Court dated November 8, 2023. (ECF 630.) On November 10, 2023, the government filed its motion under Section 6(a) of CIPA, in camera and under seal (the "Section 6(a) Notice").[1] (ECF 631.)

The Court reviewed these submissions and ordered cleared defense counsel to respond by November 27, 2023. (ECF 632.) The Court also scheduled a hearing under Section 6(a) for the week of November 27, 2023. (Id.) Upon request of cleared defense counsel, the Court first extended the deadline to file a response to December 4, 2023, and then adjourned the date for the classified hearing to December 11, 2023. (ECF 634, 636.) On November 29, 2023, defense counsel requested an additional extension of time to respond to the Section 6(a) Notice, which the Court denied without prejudice, allowing cleared defense counsel to supplement this response after she held further conversations with Mr. Hernandez. (ECF 638.) On November 29, 2023, the government emailed to the Court and defense counsel a version of the October 27 letter with minor redactions, following the completion of classification review by the "relevant stakeholders." (Email dated November 29, 2023 from J. Gutwillig.)

RELEVANT LAW

I.    CIPA Procedure

Under CIPA § 6(a), the Court shall hold a classified, in camera hearing to determine the use, admissibility, and relevance of classified information at trial. 18 U.S.C. app. 3 §6(a); see also United States v. Wilson, 750 F.2d 7, 9 (2d Cir. 1984). When making this determination of admissibility, the Court may not take into account the classified nature of the evidence. See United States v. Wilson, 586 F.Supp. 1011, 1013 (S.D.N.Y. 1983), aff'd, 750 F.2d

---

[1] A redacted version of the Section 6(a) notice was filed on ECF on December 7, 2023. (ECF 639.)

2

7 (2d Cir. 1984). The Court must instead consider the relevance and admissibility of the material under the Federal Rules of Evidence. See Wilson, 750 F.2d at 9 (affirming district court's exclusion of certain evidence in CIPA case based on "generally applicable evidentiary rules of admissibility").

If the Court determines that the evidence is relevant and admissible, the government may offer a substitution or summary for use during trial if the Court finds it "will provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information." 18 U.S.C. app. 3 § 6(c)(1). Finally, under CIPA § 7, the government may take an interlocutory appeal of the district court's decision authorizing disclosure of classified information or refusing a protective order sought by the United States to prevent disclosure of classified information to the Court of Appeals, which must "expedite[]" its response to this appeal. See id. § 7.

II.     Federal Rules of Evidence

For evidence to be admissible at trial, it must be relevant. Rule 402, Fed. R. Evid. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Rule 401, Fed. R. Evid. And even relevant, admissible evidence may be excluded by the Court if the evidence's "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Rule 403, Fed. R. Evid.

Rule 404(a)(1) of the Federal Rules of Evidence prohibits admission of evidence of a person's character or character trait in order to prove that the person acted in accordance

3

with that trait on a particular occasion ("propensity evidence"). Rule 404(a)(1)(A), Fed. R. Evid. A defendant in a criminal case may offer evidence of his own "pertinent trait," but the prosecution may then offer evidence to rebut it. Rule 404(a)(2), Fed. R. Evid.

Finally, hearsay—a statement made by a declarant out-of-court offered to prove the truth of the matter asserted—is not admissible unless an exception provided by the Federal Rules of Evidence or other statutes or rules is met. Rules 801-02, Fed. R. Evid. Two exceptions are most relevant here: a statement of the declarant's "then-existing state of mind," see Rule 803(3), Fed. R. Evid., and the verbal acts doctrine.

First, a statement of a declarant's "then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition . . . ." is not excluded by the rule against hearsay. Rule 803(3), Fed. R. Evid. This exception does not, however, include "a statement of memory or belief to prove the fact remembered or believed." Id. A statement of what the declarant was thinking in the present (such as a statement that "I only came here to get cigarettes real cheap" as police officers approached the declarant to arrest him) is admissible under this exception. See United States v. DiMaria, 727 F.2d 265, 271 (2d Cir. 1984). But a statement made to arresting officers that the declarant "didn't know" about stolen merchandise that he had transported fifteen months before his arrest is not admissible; such a statement "'look[s] back' to an earlier time" rather than expressing the declarant's state of mind as the event was in progress. United States v. Cosentino, 581 F.Supp. 600, 603-04 (E.D.N.Y. 1984) (citing DiMaria, 727 F.2d at 271).

Second, the verbal acts doctrine provides that a statement is not hearsay when "the utterance is an operative fact which gives rise to legal consequences." United States v. Vargas, 279 Fed.App'x 56, 61 n.3 (2d Cir. 2008) (citing DiMaria, 727 F.2d at 270 n.4). See also

4

United States v. Kurland, 2022 WL 2669897, at *16 (E.D.N.Y. 2022) (citing Vargas, 279 F.App'x at 61 n.3) (concluding that defendant's failure to make a disclosure that he was legally obligated to make had "important legal consequences" and so "likely" constituted non-hearsay under the verbal acts doctrine).

DISCUSSION

The Court explained on the record at the classified hearing of December 11, 2023 (at pp. 45-72) its rulings on the admissibility of the evidence described in the Section 5(a) Notice of September 22, 2023. Consistent with the statute, the Court now issues a written Order. Subject to the limitations of most in limine rulings and without the assertion of a specific objection to a specific question posed at trial, the Court concludes that it is more likely than not that counsel for Mr. Hernandez may elicit non-hearsay, non-cumulative, non-objectionable questions on the following subjects specifically identified in cleared defense counsel's September 22, 2023 Section 5(a) Notice.[2]

 The second sentence of Paragraph 1 is excluded because it is of slight probative value and that value is substantially outweighed by the danger of jury confusion and a waste of time.



---

[2] The following paragraphs correspond to the unnumbered paragraphs on pages 4-5 of the Section 5(a) notice.

███████████████████████████

███ The second sentence of Paragraph 2 is excluded because it is hearsay and, if not hearsay, its probative value is slight and substantially outweighed by the danger of unfair prejudice, jury confusion, and waste of time.

- Paragraph 3

- Paragraph 4

- Paragraph 5

- Paragraph 6

- Paragraph 7

- Paragraph 10, except that the words "the United States government's opposition to" are excluded because it is hearsay, and if not hearsay, their probative value is slight and substantially outweighed by the danger of unfair prejudice, jury confusion, and waste of time.

- Paragraph 11, except that the Court reserves judgment on the admissibility of the last sentence of the paragraph.

- ███████████████████████████ (for the same reasons as addressed relating to Paragraph 1). The second and third sentences are excluded as likely hearsay or because their probative value is slight and substantially outweighed by the dangers of unfair prejudice, jury confusion, and waste of time.

- Paragraph 13, except that the words "financing of terrorism" and "and the role played by banks and financial institutions in these matters" are excluded because

6

their probative value is slight and substantially outweighed by the dangers of unfair prejudice, jury confusion, and waste of time.

For the remaining statements in the Section 5(a) Notice—paragraphs 8, 9, 14, and 15—the Court has determined that they are likely to be inadmissible hearsay and, if not hearsay, their probative value is substantially outweighed by unfair prejudice to the government, i.e., the interests of national security, the risk of juror confusion, and waste of time. The Court therefore sustains the government's objections to this evidence. Mr. Hernandez will therefore be precluded from testifying on the subjects discussed in paragraphs 8, 9, 14, and 15.

The Court makes no ruling on the final two paragraphs of page 5 of the Section 5(a) Notice that present argument.

SO ORDERED.

December 14, 2023

P. Kevin Castel, U.S.D.J.