# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

JUAN ORLANDO HERNANDEZ,
a/k/a "JUAN ORLANDO,"

Defendant.

15-cr-379 (PKC)

ORDER

---

CASTEL, U.S.D.J.

On February 14, 2024, an in camera hearing was held pursuant to CIPA § 6(a), under which the Court, upon motion of the United States, determines "the use, relevance, or admissibility of classified information that would otherwise be made during the trial or pretrial proceeding." 18 U.S.C. app. 3 § 6(a). The government was present, along with cleared counsel for defendant Juan Orlando Hernandez.

This is the second classified hearing the Court has held under Section 6(a) in this action. The first was held on December 11, 2023, with a classified written Order issued on December 14, 2023. That Order is still undergoing classification review by the relevant stakeholders.

Trial in this matter was scheduled to begin on Monday, February 12, 2024. On Friday, February 9, 2024, at 4:30 p.m., the Court received a classified submission from the government alerting the Court to the need for a brief interval between jury selection and opening arguments due to "pending CIPA issues regarding the defendant's Supplemental Section 5 Notice and review of his prior statements. . . ." (Feb. 9 Ltr. at 4.) This letter also provided an "update" to the Court that, on February 5, 2024, the defendant's uncleared counsel had provided

1

the CISO with a "Supplemental Section 5 Notice," the product of the defendant's meeting with his uncleared counsel in the SCIF to discuss his anticipated areas of testimony. (Id. at 1-2.) The Court then ordered the government to state how long of an interval it anticipated by noon on Saturday, February 10, 2024, with any response from the defendant to be submitted by 7:00 p.m. that same day. (ECF 699.) The Court also scheduled a classified hearing for 8:30 a.m. on Monday, February 12, 2024, before jury selection was to begin.

The government timely submitted its response on February 10, seeking an "interval" of "approximately 2 days," outlining the various procedures it anticipated would take place during those two days, and offering to hold a teleconference with the Court on Sunday, February 11, to discuss these matters further. (ECF 701.) The Court then issued an Order adjourning the trial date to February 20, 2024, and scheduling an unclassified teleconference to take place at 3:00 p.m. on Sunday, February 11, to discuss only scheduling matters. During that teleconference, the Court vacated the classified hearing for February 12 and rescheduled the classified hearing for February 14, 2024. (Minute entry for 2/11/2024.)

On Tuesday, February 13, 2024, the Court received several classified submissions. The government submitted a letter dated February 13 in which it stated its intention to propose substitutions under Section 6(c) for both the "Initial CIPA Section 5 Notice" (submitted to the Court on September 22 and for which the Court made its 6(a) rulings on December 11)[1] and for "any information from the Supplemental CIPA Section 5 Notice that the Court deems admissible pursuant to CIPA Section 6(a)." (Feb. 13 Ltr. at 4.) The Court also received unredacted and redacted copies of the Supplemental Section 5 Notice.

---

[1] At the February 14 classified hearing, the Court expressed its strong displeasure that work had not begun on "substitutions" for the rulings made on December 11 and reflected in the December 14 Order. The Court found unsatisfactory its explanation that it was awaiting rulings on the Supplemental Section 5 Notice received by the Court on February 13, 2024.

2

Additionally, on February 13, cleared counsel for the defendant submitted a "second" supplemental Section 5 Notice, which is described as being submitted by the defendant after reviewing Rule 16 discovery, previously produced to cleared counsel in the spring of 2023, but only produced to the defendant by the government in redacted form for his review on February 8, 2024.

RELEVANT LAW

As discussed in the Court's previous classified Order of December 14, pursuant to CIPA § 6(a), the Court shall hold a classified hearing to determine the use, admissibility, and relevance of classified information at trial. 18 U.S.C. app. 3 §6(a). This material must first be submitted in a Notice under Section 5. 18 U.S.C. app. 3 § 5. A Section 5 Notice may be submitted by a date issued by the Court, or, if no date is set, then up to 30 days before the start of trial. Id.

The Court may not take into account the classified nature of the evidence when ruling on its admissibility, but instead must consider its relevance and admissibility under the Federal Rules of Evidence. See United States v. Wilson, 586 F.Supp. 1011, 1013 (S.D.N.Y. 1983), aff'd, 750 F.2d 7 (2d Cir. 1984). Section 6(c) of CIPA allows the government to offer a substitution for use during trial if the Court finds it "will provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information." 18 U.S.C. app. 3 § 6(c)(1).

For evidence to be admissible at trial, it must be relevant. Rule 402, Fed. R. Evid. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Rule 401, Fed.

R. Evid. And even relevant, admissible evidence may be excluded by the Court if the evidence's "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Rule 403, Fed. R. Evid. Finally, hearsay—a statement made by a declarant out-of-court offered to prove the truth of the matter asserted—is not admissible unless an exception provided by the Federal Rules of Evidence or other statutes or rules is met. Rules 801-02, Fed. R. Evid. A statement of a declarant's "then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition . . . ." is not excluded by the rule against hearsay. Rule 803(3), Fed. R. Evid. Further, a verbal act is not a statement for the purposes of the hearsay rule. United States v. Vargas, 279 Fed.App'x 56, 61 n.3 (2d Cir. 2008) (citing United States v. DiMaria, 727 F.2d 265, 270 n.4 (2d Cir. 1984)).

The defendant may not offer evidence of "good acts" to demonstrate his propensity not to engage in the charged conduct under Rule 404(b).[2] Id. (citing United States v. Quattrone, 441 F.3d 153, 191-92 (2d Cir. 2006)). See also United States v. Dawkins, 999 F.3d 767, 792-93 (2d Cir. 2021) ("No less than evidence of a defendant's prior 'bad acts' used to show that he committed the crime charged, such 'good acts' evidence is only relevant if we assume that a defendant acted in conformity with those prior good acts—i.e., if we make the exact propensity inference Rule 404(b)(1) is designed to prohibit."). Evidence, however, of "good acts" is not permissible to show character evidence. See Rule 404(b), Fed. R. Evid. The Second Circuit has affirmed district court rulings excluding testimony "of a defendant's cooperation with intelligence authorities that had 'no bearing on the crimes charged,' or 'risked

---

[2] There is an exception, however, for when a defendant is alleged to have continuously committed "bad acts." See United States v. Scarpa, 913 F.2d 993, 1010 (2d Cir. 1990). There is no claim this exception applies here.

4

confusing the jury with extraneous matters." United States v. Mustafa, 753 F.App'x 22, 38 (2d Cir. 2018) (summary order) (quoting United States v. Doyle, 130 F.3d 523, 542 (2d Cir. 1997)).

DISCUSSION

The Court explained on the record at the classified hearing of February 14, 2024 the reasoning for its rulings on the admissibility of the Supplemental Section 5 Notice. Consistent with the statute, the Court now issues a brief written Order.

Subject to the limitations of most in limine rulings and without the assertion of a specific objection to a specific question posed at trial, the Court concludes that it is more likely than not that counsel for Mr. Hernandez may elicit non-hearsay, non-cumulative, non-objectionable questions on the following subjects specifically identified in cleared defense counsel's Supplemental Section 5(a) Notice.[3]

- Paragraph 3 is admissible, with the following exclusions:
    - The language highlighted in red in the fourth and fifth lines of the paragraph shall be excluded because it is not relevant under Rule 401, and to the extent it is relevant, its relevance is substantially outweighed by the risk of disclosure of national secrets and the risk of jury confusion. See Mustafa, 753 F.App'x at 38 (rejecting defendant's argument that he should be allowed to testify to his cooperation with foreign intelligence agencies and law enforcement and noting that the defendant did not claim to have been working for the foreign authorities).

---

[3] The Court reserves judgment on any objection on the grounds of cumulative evidence.

- o The sentences "Amilcar was a retired. . . ." to ". . . (San Antonio)" will be excluded because they are not relevant under Rule 401, and to the extent they have any relevance, they are excluded under Rule 403 because their probative value is substantially outweighed by the danger of jury confusion.
- o The sentence beginning, "JOH was concerned . . ." is excluded because it is hearsay not subject to any exception or exclusion.
- o The sentence beginning, "Air was the most. . ." is excluded because it is hearsay not subject to any exception or exclusion.
- o The final three sentences of the paragraph ("JK said that. . ." to ". . . maintained a relationship to work together") are excluded because they are not relevant under Rule 401, and to the extent that they are relevant, their relevance is substantially outweighed under Rule 403 by the risk of jury confusion.
- Paragraph 6 is admissible, except that the words "at a training base in Honduras" and "There were also Columbia [sic] police in the training" are excluded because they lack probative value under Rule 401, and to the extent that they do have slight probative value, that value is substantially outweighed by the risk of jury confusion under Rule 403.
- Paragraph 12 is excluded in its entirety because it is not relevant under Rule 401, and any probative value is substantially outweighed by unfair prejudice to the government and the risk of jury confusion.

- Paragraph 13 is excluded in its entirety because it is not relevant under Rule 401, and because any relevance it has is substantially outweighed by the danger of jury confusion under Rule 403.
- Paragraph 15:
    - Sentence 1: Excluded based on lack of relevance under Rule 401.
    - Sentence 2: Excluded based on lack of relevance under Rule 401.
    - Sentences 3-5: Defendant may testify that he met with a representative of a U.S. government agency to discuss narco-trafficking and the flow of drugs in April 2017, and that he was invited to the agency's office in the Washington, D.C. area with members of the security and defense cabinet of Honduras. The Court further rules that the location of this U.S. government agency lacks relevance and shall be referred to as in the "Washington D.C." area rather than its exact location. The name of the government official listed in Paragraph 15 lacks relevance and defendant may not refer to it.
    - Sentence 6: Admissible, except that the words [redacted] cooperation and" will be excluded, and the phrase "JOH agreed that they would" will be replaced by "JOH stated that he would."
    - Sentence 7: Admissible, except that the words [redacted] shall be excluded because it is hearsay without an exception or exclusion, and further, any probative value is substantially outweighed by the danger of jury confusion.

7

- Paragraph 16: Defendant may testify that he created a special unit in the Honduran ▮ to combat narco-trafficking ▮. The last three sentences of the paragraph are also admissible. The balance of the paragraph is excluded on grounds of lack of relevance under Rule 401, and to the extent that it is relevant, it is substantially outweighed under Rule 403 by the risk of jury confusion.

- Paragraph 28 is excluded on grounds of lack of relevance under Rule 401 and because it contains hearsay without an exception or exclusion. Out of the presence of the jury, defendant may reargue the point to the extent the government offers testimony about Mr. Chinchilla.

- Paragraph 30 is excluded because it is not relevant under Rule 401, and to the extent that it has any relevance, it is substantially outweighed by the risk of judicial and jury confusion.

- Paragraph 35 is excluded because it is not relevant under Rule 401, and to the extent that it has any relevance, it is substantially outweighed by unfair prejudice to the government.

As a separate matter, the Court also rules that the "Second Supplemental Section 5 Notice" filed by the defendant on the afternoon of February 13, 2024—one week before the adjourned trial date of February 20, 2024—is untimely under Section 5 of the CIPA statute, and the Court will therefore not consider it. The materials to which the "Second Supplemental Section 5 Notice" is directed have been available to cleared counsel since April 2023, long before the Initial Section 5 Notice.

Finally, cleared counsel for the defendant moved to adjourn the trial date at the conclusion of the February 14 classified hearing. The Court denied that motion. There is much unclassified material not disclosed to the government trial team that the defendant wishes to discuss in his testimony and uncertainty over its admissibility counsels against a prudent lawyer outlining with precision the scope of the defendant's testimony.[4] The Court expects that there will be greater clarity concerning the classified portion of the testimony after the February 16 hearing.

SO ORDERED.

February 14, 2024

P. Kevin Castel, U.S.D.J.

---

[4] The Supplemental Section 5 Notice purports to lay out defendant's trial testimony. The entirety of the document was furnished to a "screen team" in the U.S. Attorney's Office, walled off from the trial team. Because the trial team does not know what that testimony is, it is unable to frame an objection.

9