

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 16, 2024

**BY ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:    **United States v. Juan Orlando Hernandez**, S7 15 Cr. 379 (PKC)

Dear Judge Castel:

      The Government respectfully writes in response to defendant Juan Orlando Hernandez's February 15, 2024 letter renewing his request to adjourn the February 20, 2024 trial date by 90 to 180 days. (Dkt. 714). For the reasons set forth below, and as the Government will additionally address at the classified hearing scheduled for 3:00 p.m. this afternoon, the Government respectfully submits that the Court should deny the defendant's request.

      *First*, the defendant argues that an adjournment is warranted because, approximately six days ago, he received access to a personal laptop to review portions of his discovery materials in the Metropolitan Detention Center ("MDC"). (Dkt. 714 at 1-2). The defendant contends that he is unable to prepare effectively for trial because he only has access to this personal laptop for limited periods of time during the week and because he cannot access certain materials produced in discovery and pursuant to 18 U.S.C. § 3500. (*Id.*). Those assertions misapprehend the accommodation that the defendant is being granted through the use of this personal laptop, and do not provide a proper basis for an adjournment.

      The defendant's use of this personal laptop is an additional accommodation provided as trial approaches, and is not, as the Court has already determined, "essential to his defense." (Dkt. 695 at 4). Defense counsel has had years to meet with the defendant and prepare with him in person. The defendant has been visited repeatedly and frequently by his lawyers and lead counsel's paralegal. (*See id.*). Nor were the defendant's meetings with his lawyers the only means that he had to review discovery in preparation for trial. On January 12, 2023, the Government provided the defendant with a hard drive containing the portions of discovery provided to that date that he could retain in prison. The Government understands that, consistent with MDC policy, the defendant has had access to common computers available to inmates in his unit on which he has been able to review that discovery, as well.

Moreover, the restrictions on the defendant's use of his personal laptop also are not a basis for an adjournment. The defendant agreed to the terms of using that personal laptop, including the number of hours and days that he could review materials on that laptop. (*See* Dkt. 668). The defendant also agreed, pursuant to protective orders entered in this case and with justification given the nature of the case and associated violence, that certain discovery materials and any materials provided pursuant to 18 U.S.C. § 3500 are sufficiently sensitive such that they could not be retained by the defendant in the MDC. The defendant should not receive an adjournment to continue preparing for trial merely because the Bureau of Prisons ("BOP") has accommodated him, pursuant to the terms of the defendant's own agreements, by providing him with a laptop to facilitate his trial preparation, under the terms of warranted protective orders that the defendant agreed to enter.[1]

In connection with the laptop, the defendant raises another insufficient reason to adjourn trial. (*See* Dkt. 714, n.1). Defense counsel asserts that, since January 13, 2024, the Government has produced approximately 2,200 pages of "redacted unclassified reports," *i.e.*, the unclassified portions of classified materials previously produced to cleared counsel, all of which are designated as "Sensitive" under the relevant Protective Order. (Dkt. 646). As the defense is aware, the Government previously produced *all* of the redacted, unclassified reports to cleared counsel in unredacted form. That is all that is required. *See In Re Terrorist Bombings*, 552 F.3d 93, 126 (2d Cir. 2008). Moreover, the defendant's assertion about the volume of those materials is inaccurate. As an initial matter, the vast majority of the pages comprising the Government's productions of "redacted unclassified reports" since January 13, 2024 are wholly redacted, because the material in question remains classified, and only approximately 321 pages contain substantive, non-header, unredacted portions containing unclassified material.[2]

On December 27, 2023, cleared counsel for the defendant requested that unclassified portions of certain classified materials previously produced to cleared counsel in classified discovery be provided to non-cleared counsel in unclassified discovery. Those portions of unclassified material contain certain designations, such as materials that are "sensitive but unclassified," for which the Government must consult with the relevant stakeholder(s) to confirm that the materials can be produced to non-cleared counsel. The Government has been re-producing those materials to non-cleared counsel on a rolling basis as it receives confirmation from the relevant stakeholder(s). As the Government advised the Court in its January 19 and February 9 letters, (*see* Dkts. 664, 698), the Government re-produced to non-cleared counsel certain documents containing unclassified portions of classified materials, with redactions, that were previously produced to cleared counsel in classified discovery between April and June 2023. The

---

[1] The Government also will confer with the BOP to determine whether, during trial, any further accommodations can be made for the defendant to continue to use his personal laptop after each trial day and outside of the hours during which he is generally permitted to access it.

[2] In total, approximately 1,268 of the 2,200 pages of materials defense counsel cites contain "redacted unclassified reports." The balance of the referenced approximately 2,200 pages of materials produced since January 13, 2024, certain of which are addressed in the Government's prior correspondence, contains other materials, *i.e.*, not unclassified portions of materials produced in classified discovery, including draft translations, DEA reports, and materials received pursuant to the United States' mutual legal assistance treaty with Honduras.

Government made additional productions of the same type on February 14 and 15, 2024, and anticipates producing approximately 15 similar documents in the coming days.

This material—which, again, consists of unclassified portions of classified documents already produced to cleared counsel in redacted form—is appropriately designated as Sensitive under the relevant Protective Order (Dkt. 436) and the defendant provides no basis, and has made no request to the Court or the Government, to alter the designation of this material. The defendant's review of this relatively small volume of materials, which have been available to cleared counsel since at least June 2023, is thus not a basis for an adjournment of trial and should be rejected.

The Government is unable to respond to the defendant's second point, which has been provided to the Court entirely *ex parte*.

*Third*, the defendant claims to have "identified fact witnesses who he wishes the defense to subpoena. Many (if not all) of them reside in Honduras," who may not be able to travel and, therefore, the defense claims they would have to apply to the Court to have them testify remotely and make logistical arrangements. This eve of trial claim is also not a basis for an adjournment. As a preliminary matter, there is no authority to subpoena non-United States citizens abroad. *United States v. Malka*, 602 F. Supp. 3d 510, 532 (S.D.N.Y. 2022) ("[I]ssuance of a § 1783 subpoena [which allows issuance of a subpoena abroad] . . . only applies to United States citizens living abroad."). If the defendant seeks video testimony from a witness residing abroad, he must make a motion under Federal Rule of Criminal Procedure 15. *See United States v. Griffith*, 20 Cr. 15 (PKC), Dkt. 167, at *3 n.2 (S.D.N.Y. Sept. 22, 2021) (Castel, J.) (citing *United States v. Griffin*, No. 11 Cr. 936 (RJS), 2021 WL 3188264, at *1 (S.D.N.Y. July 28, 2021)). To satisfy that high standard, "[a] movant must show that (1) the prospective witness is unavailable for trial, (2) the witness' testimony is material, and (3) the testimony is necessary to prevent a failure of justice." *Id*. at *3 (quoting *United States v. Cohen*, 260 F.3d 68, 78 (2d Cir. 2001)). In addition, even where the necessary showing has been made, "'a Rule 15(a) application remains directed to the discretion of the Court,'" and may be denied where "unreasonable delay by th[e] defendant in making the application [is] coupled with likely prejudice to the government." *Id*. at *7 (quoting *Cohen*, 260 F.3d at 78). The defendant has been aware of the charges against him for approximately two years, has received discovery material on a rolling basis since June 2022, and has received 3500 materials on a rolling basis for more than a year. Now, days before trial, the defendant alleges that he has "identified" fact witnesses who reside in Honduras. But the defendant has not even attempted to meet the Rule 15 standard, let alone identified why the delay in seeking such relief is not unreasonable so close to trial. *Id*. ("It is not the mere proximity to trial that makes the delay unreasonable. . . . But there has been no showing that a witness-related emergency has suddenly and unexpectedly arisen."). The Court should not grant an adjournment on the off chance that the defendant may choose to seek a Rule 15 deposition of some unidentified witnesses at some point in the future, with no explanation for the delay in making such a motion, and particularly without any reason to believe that the Rule 15 application will be successful.

*Fourth*, earlier today, the Government filed on the public docket redacted, unclassified versions of the Court's December 14, 2023 and February 14, 2024 orders pursuant to Section 6(a) of the Classification Information Procedures Act ("CIPA"). (Dkt. 715). The Government will be prepared to address outstanding matters relating to CIPA, including CIPA Section 6(c), at the

classified hearing scheduled for this afternoon at 3:00 p.m. The Government respectfully submits that, following this afternoon's classified hearing and in combination with the completion of the procedure agreed-to by the parties and ordered by the Court (*see* Dkt. 661), will moot any CIPA-related issues raised by the defense as a basis for an adjournment of trial. Moreover, the trial is expected to last two to three weeks, and the defendant will have ample time during the Government's case-in-chief during which he can consult with defense counsel about whether to testify at trial.

*Fifth*, for the reasons set forth in the Court's prior Orders denying the defendant's requests for an adjournment of trial, (*see e.g.*, Dkt. 695), the Government respectfully submits the Court should do the same in response to the defense's arguments that administrative tasks, among other work, warrants an adjournment of trial. The defendant has multiple lawyers preparing for this trial, has been represented by retained counsel since the start of this case, and points to tasks that lawyers undertake in advance of almost every trial in this courthouse in seeking to delay the start of this one. This is simply not a basis for the requested relief—in this case, or any other.

Accordingly, the Government respectfully submits that the Court should deny the defendant's renewed request to adjourn trial.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:    /s/
Jacob H. Gutwillig / David J. Robles
Elinor L. Tarlow / Kyle A. Wirshba
Assistant United States Attorneys
(212) 637-2215 / 2550 / 1036 / 2493

cc: Defense Counsel (by ECF)