Renato C. Stabile
Attorney at Law
580 Broadway, Suite 400
New York, NY  10012
212-219-1469 (o)
212-219-1897 (fax)
917-204-0181 (mobile)
renato.c.stabile@gmail.com

March 4, 2024

**VIA ECF**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re:   *United States v. Juan Orlando Hernandez, et al*, 15 Cr. 379 (PKC)

Dear Judge Castel:

The Defense submits this letter to propose changes to the Court's proposed jury instructions. We propose the following changes:

**IV. Conduct of Counsel** – After the sentence "Nor should you draw any inference that I sustained or overruled an objection," we propose adding "My rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence." (Adapted from Sand Instruction 2-8)

**V. Sympathy of Bias** – We proposed adding the following language to the second sentence: "The parties in this case are entitled to a trial free from prejudice about a party's race, religion, national origin, sex, age, **or political views**."

**IX. Direct and Circumstantial Evidence** – Following this instruction, we propose adding the following instruction:

> **Guilt by Association** – There is a long-standing rule against "guilt by association." A defendant may not be convicted merely because people who [lived] or associated with him committed criminal conduct. In this case, a defendant cannot be convicted simply because he was associated with or friendly with anyone you may find to have acted in violation of the law. Each element of each offense must be proved independently against a defendant individually on the basis of his own conduct and state of mind. (Jury Charge, *United States v. Armani Cummings*, 12-CR-31 (S.D.N.Y.) (Marrero, J.))

1

**XII. Bias of Witnesses** – We propose adding the following language at the end of the second paragraph: "In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger which some government witnesses may have towards the defendant. How much you choose to believe a witness may be influenced by the witness' bias." (Adapted from Sand Instruction 7-2).

**XXIII. Evidence of Other Wrongs or Acts** – We believe this instruction should be removed because there has been no other wrongs or acts evidence admitted against the defendant.

**XXVII. Uncalled Witnesses – Equally Available** – We propose adding the following final sentence to this section: "As I have previously instructed you, the government bears the burden of proof, and the defendant does not bear the burden of proof, since he is presumed to be innocent."

I thank the Court for its continued consideration.

Respectfully submitted,

/s/

Renato C. Stabile

cc:   All counsel
      (via ECF)