UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                                                     15-cr-379 (PKC)

      -against-

                                                                                                       <u>ORDER</u>

JUAN ORLANDO HERNANDEZ,

                Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        In an effort to manufacture an ineffective assistance claim for his client, one of defendant's counsel, Renato Stabile, sells himself short.

        After both sides rested, closing arguments were delivered and the Court's instructions to the jury were delivered, he sought to reopen the case to offer evidence to contradict the testimony of a government witness, DEA Analyst Jennifer Taul, who was qualified as an expert in certain areas.

        The government did not elicit the disputed testimony by Taul as to whether cocaine trafficking through Honduras increased or decreased during defendant's tenure as president. But, upon cross examination, Mr. Stabile elicited from Taul that drug trafficking through Honduras went "up," during the years covered by his question, 2014 through 2019. (Tr 614.)  He asked the basis for her testimony, and she said "[t]here are statistics reported by a number of different bodies, both private and government, DEA reporting mostly."  (Tr. 614.) Mr. Stabile elicited from her that she could not identify the statistics she was relying on.  (Tr. 614) ("No, I can't, because I haven't isolated those years.")

1

At the side bar yesterday, Mr. Stabile claimed that Taul's testimony was "false" and referred to by the government's rebuttal summation and he now had the evidence to prove it. He stated that "I literally just realized it as you were instructing the jury." (Tr. 1830-32.) He further stated "I just want to put on the record that I did not make a strategic decision not to cross-examine Ms. Taul on that. I made a mistake. I overlooked these reports and this statute. I did not have sufficient time to prepare to cross-examiner her, and it was not a result of a strategic choice." (Tr. 1834.) "I did elect to ask the question. I was surprised by the answer, and I was unprepared to confront her with documents." (Tr. 1836.)

There are several holes in Mr. Stabile's narrative. He could not have been surprised by Taul's testimony. Indeed, Mr. Stabile himself delivered the opening to the jury on February 21, 2024 stating to the jury: "Under Mr. Hernandez, trafficking through Honduras went down 80 percent from 2009 to 2016. Those are facts that you are going to learn during this trial." (Tr. 50.) Mr. Stabile, an experienced member of the Court's CJA Panel, would not have opened to the jury on that statement unless he had a good faith basis for his statement. Taul did not testify until February 26, days after Mr. Stabile's own statement in opening.

At no time during the government's case or its own did the defense seek to recall Taul. The defense did not begin its own case until March 4 but called no witness to establish the point Stabile made in his opening. Nor was it covered in the belated expert disclosures by defendant's proposed experts. It was not raised until the side bar after the Court delivered its final instructions.

In any event, the evidence of whether drug trafficking went up or down during the defendant's administration was of minimal probative value that was substantially outweighed by the risk of jury confusion of the issues, Rule 403, Fed. R. Evid. If the government had objected

2

to Mr. Stabile's questions on cross of Taul, the Court would likely have sustained it. It is in the nature of prohibited "good acts" testimony. United States v. Dawkins, 999 F.3d 767, 792–93 (2d Cir. 2021). It also would lead to a distracting side show of what other factors affect an overall increase or decrease in drug trafficking. The government's theory of the case was not that all drug traffickers in Honduras were members of the conspiracy, but that defendant conspired with certain drug traffickers to assist their drug trafficking activities.

At a conference this morning, it was argued by the government that the statistics, which Stabile now says were available in whole or in part on a State Department website, do not in fact contradict Taul's testimony for reasons plausibly explained on the record. The government also pointed out that the defense had the benefit of testimony from a government expert in a prior trial that was produced as 3500 materials in June 2022.

The jury is presently in its second day of deliberations. Defendant's renewed motion to reopen the evidence in this trial is DENIED.

SO ORDERED.

_P. Kevin Castel_
United States District Judge

Dated: New York, New York
       March 8, 2024